IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Elridge V. Hills, #256906, ) | C/A No.: 4:05-0319-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| The South Carolina Department of ) | |
| Corrections; Jon E. Ozmint, Director, ) | |
| SCDC Director; Gary A. Boyd, Director of ) | |
| Inmate Services; David M. Tatarsky, ) | |
| Deputy General Counsel; Mary Coleman, ) | |
| Inmate Grievance Branch Chief; Betty ) | |
| Robinson, Administrative Coordinator of ) | |
| Program Services; Oscar A. Faulkenberry, ) | |
| Warden-Kershaw Correctional Institution; ) | |
| Calvin Anthony, Lee Correctional Institution) | |
| Warden; Charles Burton, Lee Correctional ) | |
| Institution Associate Warden; Kershaw ) | |
| Correctional Institution Officer Adams ) | |
| (First Name Not Applicable); Barbara ) | |
| Ricketson, Lee Correctional Institution ) | |
| Mailroom Clerk; Donna Mitchell, Lee ) | |
| Correctional Institution Institutional Inmate ) | |
| Grievance Coordinator (Formerly Ker. C.I.'s ) | |
| Inmate Coordinator); Donald Dease, Former ) | |
| Institutional Division II Director; Gary D. ) | |
| Maynard, Former SCDC Director; John E. ) | |
| Lane; Former Kershaw Correctional ) | |
| Institution Mailroom Supervisor; Nikki ) | |
| McCougar, Former Kershaw Correctional ) | |
| Institution Mailroom Clerk; Shari Hinson, ) | |
| Kershaw Correctional Institution Mailroom ) | |
| Clerk; Tony L. Strawhorn, Program Services ) | |
| Deputy Director; and William L. Eagleton, ) | |
| Program Services Deputy Director; ) | |
| ) | |
| Defendants. ) | |
| ) | |

1

2

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff, Elridge Hills, is an inmate with the South Carolina Department of Corrections ("SCDC"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants failed to deliver to him various sexually explicit magazines that the plaintiff ordered. Hills also claims that he was deprived of the right to mail correspondence. Finally, he alleges tort claims for property deprivation and gross negligence under the South Carolina Tort Claims Act.

In a detailed Report and Recommendation, the Magistrate Judge suggests that the defendants' motion for summary judgment should be granted as to the plaintiff's first claim as barred by the statute of limitations. The Magistrate Judge also suggests that the remaining claim be dismissed without prejudice for the plaintiff's failure to exhaust his administrative

remedies. Because the Magistrate Judge's Report provides specific details of the facts in this case, such will not be repeated in this order.

The plaintiff was advised of his right to file objections to the Report and Recommendation filed July 20, 2006. As of the date of this order, the plaintiff filed objections within the time limits prescribed by the local rules of this district.

As to his first claim, the plaintiff merely provides recitations of various state statutes and cases with a one sentence "objection" that states: "The above precedents are binding to establish the fact of the three year statute of limitations not being applicable in this case at bar." It appears that the plaintiff believes that the South Carolina statute of limitations for incarcerated persons is five years under S.C. Code Ann. § 15-3-40. His argument is misplaced. S.C. Code Ann. § 15-3-40 was modified in 1996 to delete the exception for imprisoned persons. Thus, the plaintiff cannot utilize the tolling provision of that statute.

As to plaintiff's second claim, the Magistrate Judge suggests that it too should be dismissed, but due to failure to exhaust his administrative remedies. The second claim also involves the denial by the defendants of the plaintiff's attempt to obtain sexually explicit material. The Magistrate Judge notes that plaintiff filed this complaint on February 4, 2005 while his Step 2 grievance was still pending regarding this second allegation. As a result, the Magistrate concludes that the cause was not fully exhausted.

In a one sentence objection, the plaintiff states: "The prior cited precedents are binding as to establish the fact of the exhaustion of administrative remedies requirement of 42 U.S.C. § 1197(e) *et seq*. being fulfilled in regards to the case at bar." The plaintiff claims

3

that the court's order of May 11, 2005 was granted in his favor showing that "such was established as argued herein." In that order, the court allowed the Clerk to serve the action on behalf of the defendants despite the Magistrate Judge's recommendation that the plaintiff had not exhausted his state remedies. The court allowed service on the defendants because it could not determine from the complaint or the special interrogatories to the plaintiff if the plaintiff had, in fact, fully exhausted his state remedies.

In its motion for summary judgment, the defendants contend that they are unaware of any appeal from the final agency decision regarding the plaintiff's June 14, 2004 attempt to re-order pornographic magazines. In addition, as to the grievance plaintiff filed regarding the two allegedly unmailed letters, the defendants also contend they are unaware of any appeal from this final agency decision. As the Magistrate Judge notes, since the plaintiff did not file an appeal to the Administrative Law Judge Division on any of his allegations in this case, the allegations are not properly exhausted and the complaint should be dismissed without prejudice. The plaintiff's objection is overruled.

Finally, the Magistrate Judge recommends that the undersigned decline jurisdiction on the plaintiff's state law claims for property deprivation and gross negligence pursuant to the South Carolina Tort Claims Act.

After reviewing the applicable law, the record in this case, and the Report and Recommendation and the plaintiff's objections thereto, the court agrees that the plaintiff's first claim is barred by the statute of limitations. The court also finds that as to the second

claim, the plaintiff has not exhausted his administrative remedies. The court also declines jurisdiction on the plaintiff's state law claims.

Accordingly, the Report and Recommendation is incorporated herein by reference, and defendants' motion for summary judgment is granted, but only to extent that the first allegation be dismissed as time-barred and the remaining allegations dismissed without prejudice for failure to exhaust his administrative remedies. Additionally, plaintiff's motion for summary judgment is denied and all other outstanding motions are deemed moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

September 6, 2006
Columbia, South Carolina

5